Leo Fellman.

—vs—

Mrs. Isabel Smith.

No. 8068.

Court of Appeal.

Parish of Orleans.

**8068**

Dinkelspiel. J.

**8068**

Dinkelspiel. J.

Plaintiff claims that defendant is indebted to him for commissions earned under a contract made with her for the sale of property belonging to a Mrs. A. Baldwin in the sum of $570.00, together with legal interset from judicial demand, ten percent Ajttorneys fees and all costs of Court.

That on June, 11th, and for sometime prior thereto, plaintiffs real estate agency had listed with it for sale the residence No. 3634 Prytania Street, the property of Mrs. A. Baldwin.

That on June 11th. 1930 a representative of plaintiff's office visited defendant and procured from her a signed offer to buy the said property at a price of $19.000. which offer was written and signed on one of the blanks usually used by plaintiff, and which said offer stipulated that it should remain good and irrevocable until 15th. June 1930.

Plaintiff alleges further, that immediately upon the submission of said offer to Mrs. Baldwin, the owner of the property in question who accepted same on June 14th. 1930, prior to the experiation of said offer, and prior to any eff orts on the part of said defendant to revoke same, said acceptance being endorsed upon said offer in writing, sig ned by Mrs. Baldwin, containing an agreement signed by her to pay plaintiffs commission of three per cent on the purchase price..

Plaintiff notified defendant of the acceptance of said offer by Mrs. Baldwin and called upon her to deposit the sum of $1.900. being ten percent of the purchase price, in accrodance with the terms of said offer. That def-endant expressed thereupon her willingness to comply with the terms of said agreement which had rippened

into a contract through it's aforesaid ex acceptance by Mrs. Balwin, and requested Mrs. Baldwin to release her thereunder, and Mrs. Baldwin although entitled under the law to enforce her contract with defendant elected not to do so releasing defendant from her obligation under said said contract to purchase the residence aforesaid. That the offer signed by defendant and accepted, upon the usual form used by plaintiff in connection with his real estate office, contains the following stipulation; " Should I fail to comply with the terms of this offer if accepted, I obligate myself to pay the commission and damages". That by virtue of the terms of said stipulation, the defendant on account of her failure to comply with the terms of her accepted offer, became obligated to pay plaintiff his commission and damages, this commission being three per cent upon the purchase price $19.000., or $570. according to the terms of Mrs. Baldwins acceptance of the said offer, and according to the custom and practice prevailing among real estate agents and brokers in the City of New Orleans.

That demand was made upon defendant for the payment of this commission to plaintiff, and that as a result of said demand, the defendant shortly thereafter called at plaintiff's office for the ostensible purpose of discussing with one Charles Rosenberg, a member of plaintiff's office force, the claim made against her for this commission. That whilst defendant was discussing this matter with said Rosenberg, she suddenly, violently and unexpectedly, seized the written and signed offer and acceptance, described in the petition, which had been handed to her for inspection, and which was then lying upon the said Rosenberg's desk, tore same into pieces, before she could be intefered with or in any way restrained, rushed rushed out of the office before she could be stopped, carrying away the written and signed offer and acceptance with her torn into pieces.

That on account of the fact that defendant , thax has abstr
-acted the aforsaid signed written offer and acceptance from
the office of plaintiff, without the consent of plaintiff,
and had torn same into pieces, and carried same away with
her, torn into pieces, plaintiff is not able to annex the
origin⁰1 to this petition, but in lieu thereof annexes a
copy.

And finally claims th⁰t he had made amicable demand for
the payment of the commission due him by the defendant in
vain; that being obliged to sue and employ attorneys to
recover his commission is entitled to recover a reason-
able amount of attorneys fees, ten per cent, upon the
amount sued for,under the stipulation in the said offer
signed by defendant, obligating herself to pay the com-
mission and damages if she failed to comply with her offer
of its acceptance.

Plaintiff prays for judgment in the full amount  of the
claim, as stated, together with interest, attorneys fees
at ten per cent and all costs.

To this petition defendant filed exceptions; first, that
the petition is too vague, general and indefinate to enable
defendant to safely answer; and, second, that the petition
discloses no cause of action. Hence she pxx prays that the
suit be dismissed, and for judgment in her favor.

The contract in question is annexed to and made a part
of the petition, and reads as follows:-
" Leo Fellman.

New Orleans, La.

New Orleans, June 11th, 1930.
Dear Sir:-

I offer to buy the residence 3624 Prytania St. on
ground measuring about 125 by 126, more or less, subject
to Homestead loan $15.000. or as per title, for the sum of
Nineteen Thousand oo/100 Dollars-, on terms of all cash,
balance subject to terms above....years credit as per

604

Vendors lien notes.....% interest per annum. payable.......
secured by all usual and customary clauses.    Mantles and
chandeliers downstairs not included in sale, but present
owner will furnish mantels and chandliers and install in
place of those removed. Taxes 1920 to be prorated.

Act of sale to be passed before purchasers..............
....Esq. N. P.    within 45 days at expense of purchaser.
Possession to be given subject to the present lease.

If this offer is accepted, I will deposit 10 % immediately
with you as part of the purchase price, which deposit is to
be non-interest bearing and is not to be ernest money;
either principal hereto reserving the right to demand specific
performance.

In the event the title is not valid, this contract shall
be null and void without prejudice however, to the commiss-
ion which is erned upon acceptance of offer.    Should either
fail to comply with the termd of this offer if accepted, I
obligate myself to pay the commission and damages.

This offer is to remain good and irrevocable until June,
15th. 1920.
                    Signed- Mrs. I.Smith .
                            1817 Napoleon Ave.

Mrs. A. Baldwin,
                    We submit the above.

                        Signed- Leo Fellman.
                            by C. A. Rosenberg.

        New Orleans, June, 14th. 1920.

Leo Fellman.
                    I accept the above offer and agree to pay you
3 % commission on purchase price.

                    Signed- Mrs. A. Baldwin.

We have quoted the full tenor contained in plaintiff's
petition, and we have copied in this opinion the entire
contract alleged to have been made in this cause with the
signatures of all parties attached thereto, and we fail to
find a single allegation in the petition which embrases,

in our opinion, substantially part of the contract to
which Mrs. Smith, defendant, is cited to be answerable,
for the reason, that in the contract, "subject to homestead
loan $15.000.". There is nothing in the petition which
avers that defendant failed in any way to comply with the
conditions of the contract, or that she made an endevor
to do so. The allegations of the entire petition fail to
state this fact, and to our minds, this fatal to plaintiff's
cause.

A provision, as in this case, was a proviso, reading; as
stated, "subject to Homestead loan $15.000.". Without it
evidently the defendant could not, and never intended to
have purchased this property, and without that there could
be no liability on her part to plaintiff.

The Civil Code provides, Art. 3016.- "The broker or inter-
mediatory is he who is employed to negotiate between two
parties, and who for that reasom is considered the mandatory
of both.

Kird vs. New Orleans. 105 L.336. " It is a familar rule of
practice that an exception of no cause of action is held to
admit for the purpose of trial thereof, the truth of the
averments of the petition.

Conceeding the matters of fact alleged, this plea tenders
the issue on the face of the papers petition, that no case is
presented entitling the plaintiff in law to recover."

Bouligny vs.Geary. 31 L. 643.- A peremptory exception
that the petition discloses no cause of action, admits for
the purpose of the trial of the exception that all the
allegations in the petition are true, and no amount of
evidence can have any influence in determining the question
raised by the exception.

To the same effect is, Adams vs. Mouton, 1 Mc. Gloin Rep.
Court of Appeal 310.

For the reason herein assigned, it is ordered adjudged and

606

decreed, that the judgment of the lowere Court be, and the same is hereby affirmed. Costs of both Courts to be paid by plaintiff.

-Judgment Affirmed-